```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ETHEL YOUNG, ET AL.,                                          REPORT AND
                              Plaintiffs,                     RECOMMENDATION
                - against -
JPMORGAN CHASE, N.A.,                                         18-CV-3708 (EK) (JO)
                              Defendant.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

For the reasons set forth below, I respectfully recommend that the court dismiss the claims of plaintiff Ethel Young ("Young") with prejudice. *See* Fed. R. Civ. P. 4(m), 41(b).

I.   Background

On June 26, 2020, plaintiff Ethel Young ("Young") and two other plaintiffs filed a Complaint accused defendant JPMorgan Chase, N.A. ("Chase") of engaging in fraudulent mortgage practices that violated their rights under federal and state laws. Docket Entry ("DE") 1. The three plaintiffs amended their pleading on January 29, 2019. DE 38. On July 8, 2019, the court dismissed the claims of plaintiff Kathleen Hayden. *See* DE 44 (notice of voluntary dismissal); DE 45 (order). By order dated January 3, 2020, the court dismissed the claims of plaintiff Sterlyn Brown ("Brown") on consent. *See* DE 58 (stipulation of dismissal).

Between the two dismissals noted above, on September 12, 2019, Chase notified the court that it had reached an agreement to settle with the two remaining plaintiffs, Brown and Young. DE 49. The three parties were unable to finalize their settlement, however. As their counsel reported at a conference on December 10, 2019, their efforts had stalled because Young had asserted a lien against Chase's counsel and stopped communicating with her own. I directed Young to appear in person at the next conference and noted that failure to comply might result in a recommendation that the court dismiss her claims for failure to prosecute. *See* DE 56 (minute order).

At the next conference, on December 20, 2019, Young did not appear as required and did not seek leave to be excused. I scheduled yet another conference for January 8, 2020; directed Young to appear at that conference; and warned that her continued failure to comply could lead to the dismissal of her claims for failure to prosecute and for defiance of court orders. *See* DE 57 (minute order).[1]

On January 6, 2020, Young, through counsel, asked to appear by telephone at the next conference, *see* DE 59, and I entered an order the same day granting the request. On January 7, 2020, the day before Young was next scheduled to appear, her counsel filed a motion seeking leave to withdraw as counsel of record. *See* DE 61. At the conference on January 8, 2020, I granted counsel leave to withdraw, granted Young's request for a 30-day stay to allow her to seek new counsel, and scheduled the next conference for February 10, 2020. *See* DE 62.

At the next conference, Young again failed to appear. DE 68. Prior to the conference, someone submitted a document, dated February 7, 2020, that purported to be the affidavit of a person acting on behalf of Young's "estate" and requested further delay of the litigation. *See* DE 70. Although the submission did not warrant indulging such dilatory tactics, I nevertheless afforded Young (who I assumed to be the document's author) one final opportunity to discharge her obligations to litigate the case. I therefore ordered Young to appear in person or through new counsel of record at a conference on March 27, 2020, and again warned that failure to comply could result in the dismissal of her claims. *See* DE 68 (minute order).

As a result of the COVID-19 pandemic's effect on court proceedings, by order dated March 20, 2020, I converted the next scheduled appearance to a telephone conference. Despite being able to participate in that conference without traveling, Young nevertheless failed to appear as required:

---

[1] It was between this conference and the next scheduled one that Chase and Brown stipulated to dismiss the latter's claims.

she neither joined the telephone conference herself nor had a new counsel of record appear on her behalf. However, an attorney named Adrian Johnson, who had not yet filed a notice of appearance (and still has not done so), did participate in the telephone call. He reported that Young had engaged him the prior evening but that he was not yet fully familiar with the case. *See* DE 73 (minute order). As I noted at the time, attorney Johnson's participation in the conference call did not constitute compliance with my previous orders and, "viewed in the context of the history of this case, create[d] a risk that [Young was] willfully engaging in dilatory tactics." *Id.* Accordingly, at Chase's request, I noted that I would recommend that the court dismiss the case with prejudice for failure to prosecute. *Id.* Chase promptly served a copy of the minute order for that conference on Young, *see* DE 74, who has since done nothing to prosecute the case.

II.     Discussion

A district court has the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, a district court may dismiss an action, in the exercise of its sound discretion, "[i]f the plaintiff fails to prosecute or to comply with … a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds "a pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it[.]" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissing Young's claims. First, Young has exhibited a "pattern of dilatory conduct" and has allowed her claims to lie "dormant with no significant activity" for over nine months since the parties reported a settlement on September 12, 2019. Young has failed to appear for conferences as ordered on three separate occasions. Second, Young's inaction has continued even in the face of repeated warnings that such behavior could result in the dismissal of her claims. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g.*, *Disanto v. Wells Fargo Bank*, 2015 WL 270055, at *4 (E.D.N.Y. Jan. 20, 2015) (citing *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999)). Fourth, because of Young's inaction, her claims against Chase are at a standstill and her right to an opportunity for a day in court has been thoroughly vindicated, notwithstanding the fact that she has failed to take advantage of that opportunity. Finally, no lesser sanction than dismissal is likely to be effective in light of Young's repeated failure to comply with court orders.

III. <u>Recommendation</u>

For the reasons set forth above, I respectfully recommend that the court dismiss the claims of plaintiff Ethel Young with prejudice.

IV. <u>Objections</u>

I respectfully direct the defendant to serve a copy of this Report and Recommendation on plaintiff Young by certified mail, and to file proof of service no later than June 26, 2020. Any objections to this Report and Recommendation are due by July 7, 2020. Failure to file objections

4

within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

    SO ORDERED.

Dated: Brooklyn, New York
       June 23, 2020

                                                               /s/
                                              James Orenstein
                                              U.S. Magistrate Judge