UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ETHEL YOUNG,

               Plaintiff,          **MEMORANDUM & ORDER**
                                                    18-CV-3708(EK)(PK)
       -against-

JPMORGAN CHASE, N.A.,

               Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

        Plaintiff Ethel Young brings this action against defendant JPMorgan Chase, N.A., alleging fraudulent mortgage practices.  On June 23, 2020, Magistrate Judge James Orenstein issued a Report and Recommendation ("R&R") recommending that the Court dismiss the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff objects.  This Court adopts the R&R in its entirety.

### I.   Background

        The Court assumes familiarity with the facts set forth in the R&R.  In brief, after Plaintiff backed out of a tentative settlement agreement, stopped talking to her lawyer, and began taking legal action against opposing counsel, she then violated three court orders by failing to appear at three conferences, either in person or through counsel.  After the third conference, which took place by telephone, Judge Orenstein

1

issued an order confirming he would recommend dismissal.  He gave Plaintiff an additional three months to react before issuing this R&R, but she took no action.

Plaintiff, proceeding *pro se*, now objects to the R&R. *See* ECF No. 78 ("Objection").  She claims (1) she did not receive notice of the first conference until it was "too late" to arrange travel from Illinois, *id.* ¶ 40; (2) she was still searching for an attorney at the time of the second conference, *id.* ¶ 44; (3) her lawyer appeared at the last (telephone) conference, but Judge Orenstein would not let him speak (because he had not entered a notice of appearance as directed), *id.* ¶ 49; (4) her lawyer wrongly reported that Judge Orenstein dismissed the case at that conference, *id.*; and (5) she never received the order from the conference, which would have indicated the case was still active, *id.* ¶ 52.

## II. Legal Standard

In reviewing an R&R, district courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party objects to the R&R's findings, as Plaintiff did here, the court must review the contested aspects of the R&R *de novo*.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one

2

that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

### III. Discussion

Dismissal for failure to prosecute "is reserved for use only in the most extreme circumstances." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). Accordingly, district courts consider "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.* at 254. "No one factor is dispositive, and ultimately [the Court] must review the dismissal in light of the record as a whole." *Id.* Because Plaintiff challenges the entire R&R, the Court reviews each factor *de novo*.

As to the first factor, Plaintiff admits to causing at least six months of delay. She acknowledges that she disregarded two court orders. *See* Objection ¶ 40 (when she learned about the first conference, it was "too late" to attend); *id.* ¶ 44 (as for the second conference, she was waiting

3

for potential lawyers to "get back" to her). And though she claims Defendant served Judge Orenstein's final warning order to the wrong address, it was her responsibility to notify the Court of her current contact information. *See In re Hurricane Sandy Cases*, 14-MC-41, 2016 WL 1108957, at *1 (E.D.N.Y. Mar. 18, 2016).[1] Had she done so, and read the order, she would have known the case was still active, contrary to what her lawyer purportedly claimed. *See* ECF No. 73.

Each of the remaining factors also favors dismissal, as Judge Orenstein found. Indeed, the procedural history of this case reflects the exercise of significant patience on the Magistrate Judge's part. Plaintiff does not deny receiving at least two of the Court's four warnings regarding dismissal. *See* ECF No. 68; Order dated 2/14/2020. Nor does she dispute that delay will prejudice Defendant, as the law presumes, *see, e.g.*, *Disanto v. Wells Fargo Bank*, 12-CV-5204, 2015 WL 270055, at *4 (E.D.N.Y. Jan. 20, 2015). Because Plaintiff has squandered many opportunities to press her claims, the Court's interest in managing its docket now takes precedence. No lesser sanction than dismissal will suffice, in light of Plaintiff's repeated

---

[1] The record shows Defendant sent the order to four different addresses (including two email accounts) associated with Plaintiff in court filings. *See* ECF No. 74.

4

disregard for the Court's orders, and the risk that she is engaged in the dilatory tactics referenced in the R&R.

### IV. Conclusion

For the reasons stated above, all factors favor dismissal.  Accordingly, the Court adopts the R&R in its entirety.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     December 11, 2020
           Brooklyn, New York